RECEIVED MAY 26 2022

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ MAY 26 2022 ★ BROOKLYN OFFICE

CHEN, J.

PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

CV 22-3176

| United States District Court | District: EASTERN | |
|---|---|---|
| Name: Jose Bernazard | Prisoner No. 16A2260 | Case No: 1764/2013 |
| Place of Confinement: GREEN HAVEN CORRECTIONAL FACILITY | | |
| Petitioner (include name under which convicted) | Respondent (authorized person having custody of Petitioner) | |
| JOSE BERNAZARD  v. | MARK MILLER, Superintendent, Green Haven Correction Facility | |

The Attorney General of the State of New York

## PETITION

1. (a) Name and location of the Court that entered the judgment of conviction you are challenging:

   Supreme Court of the State of New York: Queens County
   Queens County Court
   125-01 Queens Boulavard
   Kew Gardens N.Y. 11415

   (b) Criminal Docket or Case Number (if you know): __1764/2013__

2. (a) Date of the judgment of conviction (if you know): __April 18, 2016__

   (b) Date of sentencing (if you know): __May 19, 2016__

3. Length of sentence: __Fifty-nine (59) years and 1/3 to Sixty-Four (64) years__

4. Identify all crimes of which you were convicted and sentenced in this case: Attempted murder in the Second Degree (P.L. 110/125.25 ); Burglary in the First Degree(P.L. 140.30); Attempted assault in the First Degree(P.L. 110/120.10); Assault in the Second Degree (P.L. 120.05); Stalking in the First Degree (P.L. 120.60 ); Aggravated Criminal Contempt (two counts)(P.L. 215.52); Assault in the third degree, (two counts) (P.L. 120.00); Criminal obstruction of breathing or blood circulation(P.L. 121.11); Criminal Trespass in the second degree (P.L. 140.15 ); Criminal Mischief in the Fourth Degree (P.L. 145.00 ); and Criminal Contempt in the Second Degree (three Counts) (P.L. 215.50); and First degree stalking (P.L. 120.60)

5. What was your plea? (Check one)

   (a) Not Guilty                ■
   (b) Guilty                    ☐
   (c) Nolo Contendere (no contest)  ☐

   If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N/A__

1

6. If you went to trial, what kind of trial did you have? (check one)
   Jury ■   Judge only ☐

7. Did you testify at either a pretrial, trial, or a post-trial hearing?
   Yes ☐   No ■

8. Did you appeal from the judgment of conviction?
   Yes ■   No ☐

9. If your answer to 8 was "Yes", attach a copy of the appeals court decision to this petition and answer the following:
   (a) Name of court: Supreme Court, Appellate Division, Second Department
   (b) Docket or case number (if you know): 2016-05886
   (c) Result: Judgment Modified, as a matter of discretion in the interest of justice, (1) by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, (2) by reducing the sentence imposed on the conviction of burglary in the first degree from a determinate term of imprisonment of 25 years to be followed by a period of postrelease supervision of 5 years to a determinate term of imprisonment of 10 years to be followed by a period of postrelease supervision of 5 years, and (3) by directing that the consecutive sentence imposed on the conviction of aggravated criminal contempt under count 28 of the indictment shall instead run concurrently with the consecutive sentences imposed on the convictions of attempted murder in the second degree and burglary in the first degree; as so modified, the judgment is affirmed
   (d) Date of result (if you know): November 25, 2020
   (e) Citation to the case (if you know): 188 A.D.3d 1239 ( 2nd Dept. 2020)
   (f) Grounds raised: 1) Appellant's conviction of second-degree assault of Jacob Rodriguez must be reversed because mere cheek redness or swelling was insufficient to prove physical injury 2) The People failed to prove by clear and convincing evidence that Appellant caused Christina Rodriguez to refute her prior statements implicating appellant when the evidence at the sirois hearing showed she decided on her own to help appellant and was not under his control. 3) The imposition of a consecutive sentence for the first degree burglary count was illegal when the court's instructions allowed the jury to convict appellant of the burglary based on the same act or acts underlying the attempted murder and second-degree assault convictions 4) The imposition of consecutive sentences totaling 59 1/3/ to 64 years in prison for the 45-year-old appellant was excessive and vindictive.

10. Did you seek further review by a higher state court? Yes ■   No ☐
    If your answer to 10 was "Yes", attach a copy of the higher state court decision to this petition and answer the following:
    (a) Name of court: New York State Court of Appeals
    (b) Docket or case number (if you know): N/A
    (c) Result: Denied Permission for Leave

2

　　　　(d) Date of result (if you know): __March 18, 2021__
　　　　(e) Citation to the case (if you know): __36 N.Y.3d 1095__
　　　　(f) Grounds raised: __Same as above__
12. Did you file a petition for centiorari in the United States Supreme Court?　Yes ☐　No ■
13. If your answer to 12 was "Yes", <u>attach a copy of the United States Supreme Court decision to this petition</u> and answer the following with respect to each direct appeal you asked the United States Supreme Court to review:
　　　　(a) Docket or case number (if you know): __N/A__
　　　　(b) Result: __N/A__
　　　　(c) Date of result (if you know): __N/A__
　　　　(d) Citation to the case (if you know): __N/A__
　　　　(e) List <u>all</u> grounds you raised (1) __N/A__
　　　　(2) __N/A__
　　　　(3) __N/A__
14. Other than the direct appeals from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a petition under CPL §§440, a state habeas corpus petition, or a previous petition under 28 USC 2254) with respect to this judgment of conviction in any court, state or federal?
　　　　　　Yes　　☐　　No
15. If your answer to 14 was "Yes", <u>attach a copy of that court's decision to this petition</u> and give the following information:
　　　　(a) Name of court: __N/A__
　　　　(b) Docket or case number (if you know): __N/A__
　　　　(c) Date of filing (if you know): __N/A__
　　　　(d) Nature of the proceeding: __N/A__
　　　　(e) Grounds Raised: __N/A__
　　　　(f) Did you receive a hearing where evidence was given on your petition, application, or motion?
　　　　　　Yes　☐　　No　☐
　　　　(g) Result: __N/A__
　　　　(h) Date of result (if you know): __N/A__
16. If your answer to 14 was "Yes" and you also filed any <u>second</u> petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information:
　　　　(a) Name of court: __N/A__
　　　　(b) Docket or case number (if you know): __N/A__
　　　　(c) Date of filing (if you know): __N/A__
　　　　(d) Nature of the proceeding: __N/A__

(e) List all the grounds you raised: (1) N/A

(2) N/A

(3) N/A

(e) Did you receive an evidenctiary hearing on your petition, application, or motion?

    Yes ☐    No ☐

(f) Result: N/A

(g) Date of result (if you know): N/A

As to any third, fourth, etc. petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> give the same information asked for under 15 and 16.

17. If your answer to 14 was "Yes" and if the court did not grant the petition(s), application(s), or motion(s) you listed under 15 and 16, did you appeal to an intermediate court of appeals (e.g., the New York State Court of Appeals or the Second Circuit Court of Appeals)?

    Yes ☐    No ☐

18. If your answer to 17 was "Yes", <u>attach a copy of that court's decision to this petition</u> and answer the following regarding each petition, application, or motion:

    (a) Name of Court: N/A

    (b) Dated filed: N/A

    (c) Result: N/A

    (d) Date of result (if you know): N/A

    (e) Citation to the case: _____

(f) List all grounds you raised: _____

19. Did you appeal to a higher state court (e.g., the NYS Court of Appeals) or the United States Supreme Court for review of decision regarding the petition(s), application(s), or motion(s) you listed in 15 and 16?

    (1) First petition:    Yes ☐    No ☐

    (2) Second petition:    Yes ☐    No ☐

    (3) Third petition:    Yes ☐    No ☐

[List any other petition and indicate yes or no]

20. For each "Yes" in 19, <u>attach a copy of that court's decision to this petition</u> and answer the following information:

    (a) Name of Court: N/A

    (b) Dated filed: N/A

    (c) Result: N/A

    (d) Date of result (if you know): N/A

    (e) Citation to the case: N/A

    (f) List all grounds you raised: N/A

21. If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: __N/A__

22. State concisely every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies on each ground on which you request action by the federal court. See 28 USC §2254(b). If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date. See 28 USC §2254(b).**

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of hecharge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-discrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection of double jeopardy.

(h) Conviction obtained by action of a grand a petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. **GROUND ONE: Conviction was legally insufficient and against the weight of the evidence to support**

5

the conviction of attempted murder, and burglary.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Prosecutor failed to establish all elements of attempted murder in the second degree, first or second degree burlary, the conviction was neither established or supported by the evidence.

B. **GROUND TWO:** Petitioner's constitutional right was violated under the the confrontation clause. use

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Petitioner's right was violated when the prosecution and lower denied Petitioner an opportunity to confront the witness and allowed prior statements to be submitted as evidence denying Petitioner a fair trial.

C. **GOUND THREE:** Petitioner's sentence was unduly harsh, excessive, and vindictive.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Petitioner's constitutional right to be free from cruel and unusual punishment was violated by the lower court sentencing Petitioner to consecutive sentences

D. **GROUND FOUR:** Appealte Division decision is contrary to cleary established Federal Law

Supporting facts (Do not argue or cite case law. Just state the specific facts that support your claim. Appellate's Division decision is contrary to federal law and violated Petitioner's right to confront a witness against Petitioner when statements by a witness that was previously made was put into evidence before a jury without Petitioner being afforded a chance to examine denying Petitioner a fair trial

**GROUND FIVE:** Petitioner was deprived of substainial due process and is being held unlawfully.

Supporting facts (Do not argue or cite case law. Just state specific facts that supports your claim) Petitioner was deprived by both the lower Courts ruling to allow prior statements to be used at Petitioner's trial and the Appellate Division's decision that Petitioner's right to confrontation was not violated .

F. **GROUND SIX:** Current conviction was obtained unconstitutionally by lower courts deprivation of due process.

Supporting facts (Do not argue or cite case law. Just state the specific facts that supports your claim): The lower Court denied Petitioner the opportunity to have a fair and unbiased trial by allowing predicial evidence to be submitted before a jury at trial that should have been precluded

23. If you did not previously present any of the grounds listed in 22A, 22B, and 22C in any other court, state, or federal, state briefly what grounds you did not present and give your reasons for not presenting them: N/A

24. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

    Yes ☐        No ■

    (a) Name of court: __N/A__

6

(b) Nature of Proceeding: ___N/A___

(c) Date filed: ___N/A___

(d) List <u>all</u> grounds you raised: ___N/A___

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: ___N/A___

    (b) At arraignment and plea: ___N/A___

    (c) At trial: ___N/A___

    (d) At sentencing: ___N/A___

    (e) On appeal: ___N/A___

    (f) In any post-conviction proceedings: ___N/A___

    (g) On appeal: ___N/A___

26. Were you sentenced one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes      No    ☐

27. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ■

    (a) If so, give the name and location of court that imposed the other sentence you will serve in the future: _N/A_

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: _N/A_

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

28. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition.*

<u>This does not apply to this petition.</u>

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. §2244(d) provides in part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ----
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of he United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the

    Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant petitioner relief to which he may be entitled in this proceeding.

                     _N/A Pro-se_
                      Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of Perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on May _18_, 2022.

Executed on May _18_, 2022

I declare under penalty of perjury that the foregoing is true and correct. Executed on May _18_, 2022

8

# EXHIBIT A:

SUPREME COURT OF THE STATE
OF NEW YORK:
APPELLATE DIVISION: SECOND
DEPARTMENT
WESTLAW CITE: 188 A.D.3d 1239

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D64772
Kfb/htr

_____AD3d_____

Argued - September 14, 2020

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.

---

2016-05886

DECISION & ORDER

The People, etc., respondent,
v Jose Bernazard, appellant.

(Ind. No. 1764/13)

---

Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Michael J. Curtis of counsel), for respondent.

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered May 19, 2016, convicting him of attempted murder in the second degree, burglary in the first degree, attempted assault in the first degree, assault in the second degree, stalking in the first degree, aggravated criminal contempt (two counts), assault in the third degree (two counts), criminal obstruction of breathing or blood circulation, criminal trespass in the second degree, criminal mischief in the fourth degree, and criminal contempt in the second degree (three counts), upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years to be followed by a period of postrelease supervision of 5 years on the conviction of attempted murder in the second degree, a determinate term of imprisonment of 25 years to be followed by a period of postrelease supervision of 5 years on the conviction of burglary in the first degree, a determinate term of imprisonment of 15 years to be followed by a period of postrelease supervision of 5 years on the conviction of attempted assault in the first degree, a determinate term of imprisonment of 7 years to be followed by a period of postrelease supervision of 3 years on the conviction of assault in the second degree, a determinate term of imprisonment of 7 years to be followed by a period of postrelease supervision of 3 years on the conviction of stalking in the first degree, indeterminate terms of imprisonment of 2⅓ to 7 years on the convictions of aggravated criminal contempt (two counts), and definite terms of imprisonment of 1 year each on the convictions of assault in the third degree (two counts), criminal obstruction of breathing or blood circulation, criminal trespass in the second degree, criminal mischief in the fourth degree, and criminal contempt in the second degree (three counts), with the sentences imposed on the convictions

of attempted murder in the second degree, burglary in the first degree, assault in the second degree, and aggravated criminal contempt under count 28 of the indictment to run consecutively with each other, and with all other sentences to run concurrently to each other and to those consecutive sentences.

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, (1) by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, (2) by reducing the sentence imposed on the conviction of burglary in the first degree from a determinate term of imprisonment of 25 years to be followed by a period of postrelease supervision of 5 years to a determinate term of imprisonment of 10 years to be followed by a period of postrelease supervision of 5 years, and (3) by directing that the consecutive sentence imposed on the conviction of aggravated criminal contempt under count 28 of the indictment shall instead run concurrently with the consecutive sentences imposed on the convictions of attempted murder in the second degree and burglary in the first degree; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the evidence was legally insufficient to support his conviction of assault in the second degree. While the defendant failed to preserve this challenge, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15[6][a]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), it was legally insufficient to establish, beyond a reasonable doubt, that the child complainant sustained a "physical injury" within the meaning of Penal Law § 10.00(9). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00[9]). The several witnesses described only a minor injury, stated variously that they saw "a redness" on the child's cheek, or a slight swelling under his eye and cheek, or a bruise to the right cheek, which was treated with a cold pack. Nor did the record support a finding that the child complainant experienced substantial pain because he experienced only tenderness for one to two hours after the incident. Accordingly, there was insufficient evidence that the child complainant suffered a "physical injury" within the meaning of Penal Law § 10.00(9) (*see People v Fews*, 148 AD3d 1180, 1181-1182; *People v Perry*, 122 AD3d 775, 776; *People v Boley*, 106 AD3d 753, 753-754; *People v Baksh*, 43 AD3d 1072, 1073-1074; *People v Richmond*, 36 AD3d 721, 722). We therefore vacate the defendant's conviction of assault in the second degree and the sentence imposed thereon and dismiss that count of the indictment.

Contrary to the defendant's contention, we agree with the Supreme Court's admission of the grand jury testimony of the adult complainant, as well as her June 17, 2013 recorded statement to an assistant district attorney, during the People's case. Prior testimony of a witness may be admitted as direct evidence at trial where the witness is unavailable, or is unwilling to testify, or is influenced to give false trial testimony, thereby being rendered effectively unavailable (*see People v Smart*, 23 NY3d 213, 220; *People v Geraci*, 85 NY2d 359, 366). The evidence must establish that the witness's unavailability or unwillingness was procured by intentional misconduct on the part of the defendant which was aimed at preventing the witness from testifying truthfully (*see People v Smart*, 23 NY3d at 220; *People v Geraci*, 85 NY2d at 366). The People bear the burden of establishing at the *Sirois* hearing (*see People v Sirois*, 92 AD2d 618), by clear and convincing evidence, that the defendant engaged in conduct aimed at preventing the witness from testifying and caused that witness's decision not to testify or to plead the Fifth Amendment (*see People v McCune*,

98 AD3d 631, 632). "'Recognizing the surreptitious nature of witness tampering and that a defendant engaging in such conduct will rarely do so openly, resorting instead to subterfuge, the court can rely on and the prosecution can use circumstantial evidence in making the requisite determination'" (*People v Leggett*, 107 AD3d 741, 742, quoting *People v Encarnacion*, 87 AD3d 81, 87; *see People v Geraci*, 85 NY2d at 369). Misconduct is defined "broadly to include intimidation and bribery, and the use of a relationship to improperly procure a witness's silence" (*People v Encarnacion*, 87 AD3d at 86 [citation omitted]; *see People v Jernigan*, 41 AD3d 331, 332).

Here, at the *Sirois* hearing, the People established that the adult complainant was fully cooperative with the prosecution from the day of the incident in June 2013 until the end of September 2013. The adult complainant gave a recorded statement to an assistant district attorney (hereinafter the ADA) on June 17, 2013, and testified for the People before the grand jury in June and July 2013. Further, the adult complainant always returned the ADA's phone calls prior to the end of September 2013. The People further established, by clear and convincing evidence, that the defendant began calling the adult complainant from Rikers Island at the beginning of September 2013 in violation of a full order of protection. A total of 67 calls were made to the adult complainant between September 10, 2013, and October 14, 2013, and the actual content of 16 of those calls was played at the hearing. The defendant frequently called the adult complainant from 3 to 11 times a day; in 5 of the recorded telephone calls, the defendant told the adult complainant not to cooperate with the prosecutor; the defendant frequently used emotional manipulation by repeatedly telling the adult complainant how much he loved, missed, and needed her; the defendant further played on the adult complainant's guilt by telling her how much pain he was in, that he did not deserve the punishment that he was receiving, and that it was now time for her to give him all of her love. The People further established that by October 21, 2013, the adult complainant would not cooperate with the People, making changed statements requiring the prosecution's need to file two *Brady* disclosures (*see Brady v Maryland*, 373 US 83). Under the circumstances of this case, the People established, by clear and convincing evidence, that the defendant wrongfully made use of his relationship with the adult complainant to pressure her to change her testimony (*see People v Leggett*, 107 AD3d at 741-742; *People v Encarnacion*, 87 AD3d at 87-89; *People v Jernigan*, 41 AD3d at 332-333; *People v Major*, 251 AD2d 999, 999-1000).

The People met their burden of proving the legality of consecutive sentences by establishing that the convictions arose out of separate and distinct criminal acts (*see People v Laureano*, 87 NY2d 640, 643; *People v Brown*, 80 NY2d 361, 364; *People v Brathwaite*, 63 NY2d 839, 843).

However, the sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80).

BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

November 25, 2020                                                                                          Page 3.
PEOPLE v BERNAZARD, JOSE

# EXHIBIT B:

THE STATE OF NEW YORK
COURT OF APPEALS:
WESTLAW CITE: 36 N.Y.3d 1095

# State of New York
# Court of Appeals

BEFORE: HON. ROWAN D. WILSON, Associate Judge

---

THE PEOPLE OF THE STATE OF NEW YORK,

                                Respondent,

-against-

JOSE BERNAZARD,

                                Appellant.

**ORDER DENYING LEAVE**

---

Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure Law § 460.20 from an order in the above-captioned case;*

UPON the papers filed and due deliberation, it is

ORDERED that the application is denied.

Dated: MAR 18 2021

                                                                                Associate Judge

*Description of Order: Order of the Supreme Court, Appellate Division, Second Department, dated November 25, 2020, modifying a judgment of the Supreme Court, Queens County, rendered May 19, 2016, and as so modified, affirming the judgment.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JOSE BERNAZARD,

                        Petitioner,                  **CERTIFICATE OF SERVICE**

   -against-                                           Docket No. _____

MARK MILLER, Superintendent
Green Haven Correctional Facility
                        Respondent.

-----------------------------------------------------------x

      I, Jose Bernazard, hereby certify under penalty of perjury that the foregoing is true and correct:

      I am over eighteen years of age and reside at Green Haven Correctional Facility, P.O. Box 4000, Stormville, New York.

      On _____, 20__, I served the within Application/Petition for Habeas Corpus Exhibits A-B Poor Person Application & Certificate of Service by depositing true copies thereof enclosed in a postpaid wrapper in an official depository under the exclusive control of the U.S. Postal Services within the State of New York and addressed as follows:

Office of Attorney General
Department of Law
The Capitol
Albany, N.Y. 12226
          (Address)

Dated: May 18, 2022
Stormville, New York

                                                            _Jose Bernazard_
                                                             (Signature)

Jose Bernazard #642260  
GREEN HAVEN Correctional Facility  
P.O BOX 4000  
STORMVILLE, NEW YORK 12582

To: Clerk of U.S. District Court  
ATTN: Pro-se office  
Eastern District of New YORK  
225 Cadman Plaza East  
Brooklyn, N.Y. 11201

Bernazard #16A2260
GREEN HAVEN Corr. facility
P.O Box 4000
STORMVILLE, N.Y. 12582

legal mail